UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80498-CIV-MARRA/JOHNSON

AMERITOX, LTD., and
U.D. TESTING, INC.,

    Plaintiffs,

vs.

AEGIS SERVICES CORP.,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court Defendant Aegis Services Corp.'s Motion to Enjoin Concurrent Litigation in Another Jurisdiction (DE 59), filed July 21, 2008 and Motion in Limine (DE 72), filed September 5, 2008.  The motions are fully briefed and ripe for review.  The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. Background

On June 11, 2007, Plaintiffs Ameritox, Ltd. and U.D. Testing Corp. ("Plaintiffs") brought a two-count Complaint for patent infringement against Defendant Aegis Services Corp. ("Defendant"). On December 21, 2007, Plaintiffs moved to amend that Complaint to add claims for a violation of the Florida Deceptive and Unfair Trade Practices Act, Tortious Interference with Business Relationship, Fraudulent Misrepresentation and False Marking (DE 24), which the Court granted (DE 28). On May 8, 2008, Plaintiffs sought leave to amend further their complaint in order to dismiss their claims of patent infringement without prejudice and to add a claim for false advertising under the Lanham Act.  On July 9, 2008, the Court denied this request (DE 57).

That same day, Plaintiff Ameritox, Ltd. ("Ameritox") filed a complaint in the Northern District of Texas seeking relief under the Lanham Act for Defendant's alleged false advertising. (Complaint, N.D.Texas Case No. 08-cv-1168, Ex. A, attached to DE 59.)

## II. Discussion

### A. Defendant's Motion to Enjoin

Defendant's motion to enjoin requests that this Court enjoin Ameritox from prosecuting a Lanham Act claim in the Northern District of Texas.  In support of this motion, Defendant seeks to apply the "first filed" rule.  (DE 59 at 4.)

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").  Moreover, "the 'first-filed' rule generally requires the first court to decide whether the first-filed rule should apply." Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005) citing Haydu, 675 F.2d at 1174; Supreme International Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 607-08 (S.D. Fla. 1997).

Under the facts of this case, Defendant's reliance on the first-filed rule is misplaced.  By virtue of denying Plaintiffs' motion to amend their complaint, the Lanham Act claim was never before this Court.  Therefore, this Court is not the first court to be presented with the Lanham Act

claim.[1]  Furthermore, given that the Texas action only involves a Lanham Act claim, and does not involve any other claim currently pending before this Court, there is no overlapping issue.  Lastly, the Court declines to adopt Defendant's novel theory, for which no legal authority has been provided, that this Court is empowered to enjoin a party from filing a lawsuit in another jurisdiction.

For the reasons stated herein, Defendant Aegis Services Corp.'s Motion to Enjoin Concurrent Litigation in Another Jurisdiction is denied.

B.  Defendant's Motion in Limine

Defendant has filed a motion in limine to limit discovery and the use of expert reports by Plaintiffs.  According to Defendant, Plaintiffs have impermissibly extended their claim brought under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") to encompass a false advertising claim.  Defendant contends that the FDUTPA claim in the First Amended Complaint was not pled to include false advertising and that Plaintiffs are attempting to bring a false advertising claim, despite the Court denying Plaintiffs' Lanham Act amendment.  Defendant requests that the Court find there is no claim for false advertising under the First Amended Complaint and prohibit discovery regarding false advertising.  In the alternative, Defendant seeks an extension of the December 19, 2008 discovery deadline and permission to amend its counterclaim.

The Court begins its analysis by discussing the elements of a FDUTPA claim.  "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair

---

[1]  Defendant's suggestion that res judicata prevents Ameritox from pursuing its Lanham Act claim should be presented to the Texas court. (DE 59 at 8-9.)  If res judicata applies, it is a defense in that case.

practice; (2) causation; and (3) actual damages." City First Mortage Corp. v. Barton, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008) quoting Rollins, Inc. v. Butland, 951 So.2d 860, 869 (Fla. Dist. Ct. App.2006), review denied, 962 So.2d 335 (Fla. 2007); see Kia Motors Am. Corp. v. Butler, 985 So. 2d 1133, 1140 (Fla. Dist. Ct. App. 2008); KC Leisure, Inc. v. Haber, 972 So. 2d 1069, 1073 (Fla. Dist. Ct. App. 2008). Furthermore, courts have recognized that a claim for false, misleading and deceptive advertising falls under FDUPTA. Beale v. Biomet, Inc., 492 F. Supp. 2d 1360, 1373 (S.D. Fla. 2007); Butland, 951 So. 2d at 870. Based on this precedent, the Court finds that Plaintiffs are entitled to pursue a false advertising theory as part of their FDUTPA claim.[2] The fact that Plaintiffs were not allowed to amend their First Amended Complaint to include a Lanham Act claim, which has overlapping elements to a FDUTPA claim, does not preclude them from pursuing all available legal theories relating to the claims in the First Amended Complaint.

Therefore, Plaintiffs are entitled to take discovery as long as the material sought is relevant "to the claims or defenses of any party involved" and "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). The Court rejects Defendant's contention that Plaintiffs' pleading of the FDUPTA claim somehow constrains their ability to seek discovery about the alleged deceptive advertising by Defendant. "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Thus, given that Plaintiffs pled a FDUTPA claim, they may seek discovery reasonably calculated to lead to

---

[2] In Defendant's reply memorandum, it contends that its advertising is not false and provides supporting evidence for the Court's consideration. This is not a motion for summary judgment and therefore it is not appropriate for the Court to resolve this claim on the merits.

evidence in support of that claim.[3]

The Court also rejects Defendant's reliance on the doctrine of the law of the case and judicial estoppel. Neither of these doctrines have any applicability to the instant case. The law of the case doctrine "provides that an *appellate decision* becomes the law of the case as to the issues presented and decided in the former appeal." Mosher v. Speedstar Division of AMCA International, Inc., 52 F.3d 913, 917 (11th Cir. 1995) citing Harris v. Luckey, 918 F.2d 888 (11th Cir. 1990) (emphasis added); see Delong Equipment Co. v. Washington Mills Electro Minerals Corp., 990 F.2d 1186, 1196-97 (11th Cir. 1993) (finding that the law of the case doctrine applies to the binding nature of an appellate court's decision). There is no appellate decision in this action, thus Defendant's use of the law of the case doctrine is misplaced.

Nor does the doctrine of judicial estoppel aid Defendant's position. While the United States Supreme Court has recognized that judicial estoppel is not reducible to a rigid test, the Supreme Court considers three flexible factors when applying the doctrine: (1) a party's later position must be "clearly inconsistent" with its earlier position; (2) a court must have accepted the party's earlier position so that acceptance of the second position would create the perception that one court or the other was misled and (3) a party will derive an unfair advantage from the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742, 750 (2001). In addition, the Eleventh Circuit requires courts to apply two additional factors: first, the allegedly inconsistent positions must have been made under oath; and second, the inconsistencies must have been made with the intent to "make a mockery of the judicial system." Burnes v. Pemco

---

[3] Of course, should Defendant believe that the information sought does not fall under these parameters, it may file a motion for a protective order.

Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002).[4]

Plaintiffs' position that they are pursuing a false advertising theory under FDUTPA is not inconsistent with their earlier statements made in seeking to add a Lanham Act claim. Plaintiffs previously stated that they did not discover information to support a Lanham Act claim until early 2008. Plaintiffs are not now claiming that they knew about Defendant's alleged deceptive advertising prior to that date. Instead, by pleading a FDUTPA claim, Plaintiffs contend they put Defendant on notice of a deceptive advertising claim. With respect to New Hampshire's second factor, the Court notes simply that it was not misled.[5] Moreover, there is no unfair advantage to Plaintiffs in allowing them to pursue the FDUTPA claim of which Defendant was on notice since December of 2007. Significantly, Defendant has not argued that Plaintiffs have taken inconsistent positions under oath or intended to make a mockery of the judicial system. Burnes, 291 F.3d at 1285. Given that Defendant has not complied with the requirements discussed in Burnes and has not met the requirements of New Hampshire, Plaintiff is not judicially estopped from taking discovery relating to its FDUPTA claim.

Finally, the Court denies Defendant's application, raised in its reply brief, to file a counterclaim against Plaintiffs for false advertising. Raising an argument in a reply memorandum does not provide the opposing party with an opportunity to address the new contentions. See Rule 7.1(C) of the Southern District of Florida ("reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition"); Tallahassee Mem. Regional Med.

---

[4] The Burnes court held that these "two factors applied in the Eleventh Circuit are consistent with the Supreme Court's instructions referenced above, and provide courts with sufficient flexibility." Burnes, 291 F.3d at 1285-86.

[5] Nor does Defendant discuss in its brief how the Court was misled.

Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief") citing United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984).  Moreover, as discussed herein, by pleading a FDUTPA claim, Defendant was on notice that Plaintiffs would seek evidence regarding deceptive advertising.  With respect to Defendant's argument for an extension of the discovery deadlines, the Court will deny this request without prejudice.  The discovery deadline is December 19, 2008, which may very well provide the parties with adequate time to conduct discovery. Should Defendant find that it does not have adequate time to complete discovery, it may seek another extension from the Court.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND DENIED** as follows:

1) Defendant's Motion to Enjoin Concurrent Litigation in Another Jurisdiction (DE 59) is **DENIED**.

2) Defendant's Motion in Limine (DE 72) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of October 2008.

_____
KENNETH A. MARRA
United States District Judge