UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80498-CIV-MARRA/JOHNSON

AMERITOX, LTD., and
U.D. TESTING, INC.,

    Plaintiffs,

vs.

AEGIS SERVICES CORP.,

    Defendant.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Plaintiffs Ameritox Ltd. and U.D Testing, Inc.'s ("Plaintiffs") Motion for Judgment on the Pleadings as to Count Eight of Defendant Aegis Services Corp.'s ("Defendant") Counterclaim (DE 75). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

    "Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega .v Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) citing Fed.R.Civ.P. 12(c). The Court must assume that all facts in the complaint are true and view those facts in a light most favorable to the non-moving party. See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). The Court may not enter judgment on the pleadings unless the allegations in the complaint contain "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

Plaintiffs argue for dismissal of Defendant's Sham Litigation counterclaim, contending that this counterclaim fails to allege an injury to the marketplace or competition and instead only alleges injury to Defendant. As a result, according to Plaintiffs, a federal antitrust claim is not sustainable. Defendant does not disagree that it is necessary to plead an injury to the marketplace or competition. Instead, Defendant argues that it sufficiently pled this claim.[1]

The Court has reviewed the counterclaim as well as its prior Order (DE 57). As correctly pointed out by Defendant, the Court's prior Order rejected Plaintiffs' contention that Defendant failed to plead facts that Plaintiffs' lawsuit was brought as part of an anti-competitive plan external to the underlying litigation. (DE 57 at 8-9.) As the Court noted in that Order, the counterclaim alleged that Plaintiffs brought litigation against Defendant as an "anti-competitive weapon" and to gain an unfair advantage in its competition with Aegis in the "marketplace." See Counterclaim ¶¶ 16, 45. The Court finds that these allegations adequately allege an injury to the marketplace. In any event, to move forward with clarity, the Court grants Defendant leave to amend its counterclaim to state an injury to the marketplace.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Judgment on the Pleadings as to Count Eight of Defendant's Counterclaim (DE 75) is **DENIED.**

---

[1] Plaintiffs had previously moved to dismiss the Sham Litigation claim and argued that the claim failed to allege that Plaintiffs' lawsuit was objectively baseless or brought with the subjective motivation to interfere directly with the business relationship of a competitor. (DE 37.) The Court permitted Defendant to amend the claim to include facts that demonstrated that Plaintiffs' patent infringement action was objectively baseless. (DE 57.) Defendant thereafter filed an amended counterclaim. (DE 58.)

[2] The Court disagrees with Plaintiffs' contention that amendment would be inappropriate because Defendant did not "rectify its failure in the First Amended Counterclaim." (DE 87 at 6.) The Court's prior Order did not find Defendant's pleading to be deficient on this point.

Defendant is granted leave to amend consistent with the directive in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of February 2009

_____
KENNETH A. MARRA
United States District Judge

3