UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80498-CIV-MARRA/JOHNSON

AMERITOX, LTD., and
U.D. TESTING, INC.,

    Plaintiffs,

vs.

AEGIS SERVICES CORP.,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiffs Ameritox Ltd. and U.D Testing, Inc.'s ("Plaintiffs") Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE 61); Plaintiffs' Motion to Strike Untimely Expert Reports (DE 110) and Defendant Aegis Services Corp.'s ("Defendant") Motion for Leave to File Surreply to Plaintiff's Reply on Motion to Strike Expert Reports (DE 137).  The motions are fully briefed and ripe for review. The Court held a hearing on March 4, 2009.  The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. Background

Plaintiffs' First Amended Complaint brings the following counts against Defendant: patent infringement (count one and two); a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (count three); tortious interference with business relationships (count

four); fraudulent misrepresentation (count five) and false marking (count six).[1] (DE 24-2.) In response to Plaintiffs' First Amended Complaint, Defendant filed its Answer to First Amended Complaint and Counterclaim (DE 30). Those counterclaims include the following: non-infringement of the '788 patent (count one); invalidity of the '788 patent (count two); non-infringement of the '136 patent (count three); invalidity of the '136 patent (count four); commercial disparagement under the Lanham Act (count five); unfair competition (count six); a violation of FDUTPA (count seven) and a Sham Litigation claim pursuant to the Sherman Anti-Trust Act (count eight).

On May 8, 2008, Plaintiffs served on Defendant a covenant not to sue which provides, in relevant part, that "UDT and Ameritox promises and covenants not to sue Aegis for infringement of the '788 Patent and/or '136 Patent with respect to Aegis' current Paincomp™ Pain Medication Compliance Testing, as currently used or sold by Aegis as of the effective date of this Covenant." (Ex. A to DE 61.) Plaintiffs have now moved to dismiss Defendant's counterclaims for non-infringement and invalidity for lack of subject matter jurisdiction. Specifically, Plaintiffs argue that the covenant not to sue eliminated any case or controversy between the parties regarding the patents and Defendant's declaratory judgment counterclaims should therefore be dismissed without prejudice.

On February 9, 2009, the Court requested that the parties supplement the record and inform the Court which of Defendant's products are encompassed by Plaintiffs' patent infringement claims and Defendant's counterclaims for patent invalidity and non-infringement.

---

[1] On July 9, 2008, the Court denied Plaintiffs' motion to amend the First Amended Complaint in order to dismiss the claims for patent infringement (DE 57.)

(DE 118.)  Plaintiffs stated that the covenant not to sue only covers the current Paincomp™ Pain Medication Compliance Testing ("Paincomp") product.  Defendant stated that the non-infringement claim involves Paincomp whereas its patent invalidity claim involves five other drug testing services.  At the March 4, 2009 hearing, the parties stipulated to a dismissal with prejudice of Plaintiffs' patent infringement claims.[2]

    II.   Plaintiffs' Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE 61)

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides in relevant part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a)

"Actual controversy" refers to any controversy for which there is Article III jurisdiction. Caraco Pharm. Labs, Ltd. v. Forest Labs, Inc., 527 F.3d 1278, 1290 (Fed. Cir. 2008).  In making this determination, the Federal Circuit has instructed district courts that the dispute between the parties must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  Id. quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (internal quotation marks omitted).[3]  Specifically, district courts must look at "all the

---

[2] The stipulation also reserved Defendant's ability to pursue any claims it might have for attorney's fees and costs relating to Plaintiffs' patent infringement claims.

[3] The Federal Circuit previously used the "reasonable apprehension of suit" test in determining declaratory judgment jurisdiction.  However, as explained in Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1336 (Fed. Cir. 2008), following the United States Supreme Court

circumstances to determine whether an action for a declaratory judgment of noninfringement or patent invalidity presents a justiciable Article III controversy." Id. quoting Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1339 (Fed. Cir. 2007) (internal quotation marks omitted). In addition, district court must examine whether there has been "meaningful preparation" by the declaratory judgment plaintiff to "conduct potentially infringing activity." Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 879 (Fed. Cir. 2008).

While "the burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory judgment was filed and that it has continued since, . . . . [i]f a party has actually [been] charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support jurisdiction at that time." Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1344 (Fed. Cir. 2007) (emphasis omitted) (internal citations omitted). The jurisdiction continues until further information shows there is no longer a current case or controversy. Id. at 1345. Here, the Court must consider whether the covenant not to sue strips the Court of subject matter jurisdiction over Defendant's declaratory judgment claims of non-infringement and invalidity.

Two recent cases from the Federal Circuit provide guidance regarding the impact of a covenant not to sue on the Court's jurisdiction. In SanDisk Corp. v. STMicroelectronics, Inc. 480 F.3d 1372 (Fed. Cir. 2007), the Federal Circuit refused to find that there no case or controversy based on the verbal pre-litigation statement of the vice-president of the company holding the patent that its company did not intend to sue the declaratory judgment plaintiff. Id. at

---

decision in MedImmune, proving a reasonable apprehension of suit is "one of the multiple ways" to show an Article III controversy. Prasco, 537 F.3d at 1336.

1382. The SanDisk court noted that the vice-president's comment was that it did not intend to sue as opposed to stating that it would not sue the plaintiff in the future for its alleged infringement. Id. at 1382-83. Furthermore, the statement was made during a time period when the company had showed a willingness to enforce its patent rights and the parties were unable to reach an agreement not to sue each other. Id.

Whereas SunDisk examined pre-litigation activities of the parties, Benitec supra looked at the conduct of parties once litigation had commenced. In that case, the plaintiff voluntarily dismissed its patent infringement claims and provided a covenant not to sue with respect to its prior activities, but not as to its ongoing and future activities. Id. at 1343. Regarding the prior activities, the Federal Circuit held that the withdrawal of the complaint along with the covenant not to sue demonstrated a lack of declaratory judgment jurisdiction. Id. at 1347-48. However, the defendant also argued that its declaratory judgment claim encompassed its developing technology and wanted protection from a claim by the plaintiff of patent infringement. Id. at 1348. The Federal Circuit rejected this claim for jurisdiction, noting that the defendant had failed to show it was "engaged in any present activity that could subject it to a claim of infringement" and therefore there was no showing of "sufficient immediacy" to support jurisdiction Id. at 1348-49.

Here, there is no question that there is no justiciable case regarding Paincomp. With respect to that product, Plaintiffs have dismissed the patent infringement claims and provided Defendant with a covenant not to sue. Indeed, Defendant acknowledges that Paincomp is the only product that was the subject of Plaintiffs' infringement action. (DE 124 at 1.) However, Defendant states that Plaintiffs have "continue[d] to pursue [the] patent infringement claims" and has "twisted its patents into a false advertising claim." (DE 124 at 2.) By virtue of this

"overstretch[ing]," Defendant "believes that other of its drug testing services could be considered to be within the claims of the patents under similarly overbroad interpretations." (DE 124 at 3.)

The Court disagrees. At the hearing, the parties' stipulated to the dismissal of Plaintiffs' patent infringement claims against Defendant. With respect to Defendant's other products, Defendant has not shown how Defendant's activities with respect to these other products, not at issue in this case, would subject it to a claim of patent infringement. See MedImmune, Inc. v. Genentech, Inc., 535 F. Supp. 2d 1000, 1008-09 (C.D. Cal. 2008) ("[i]t would be inconsistent at this stage to find subject matter jurisdiction based upon a product which the plaintiff, until very recently, refused to even discuss in connection with this litigation"). Nor has Defendant explained how Plaintiffs' claim for false advertising translates into a finding that the parties have "adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" on patent invalidity. MedImmune, 549 U.S. at 127. Put another way, the Court finds that Defendant's argument is speculative and cannot sustain subject matter jurisdiction.[4]

---

[4] The Court also rejects Defendant's argument that a controversy exists based on its patent misuse affirmative defense and its remaining counterclaims. The dismissal of Plaintiffs' patent infringement claims moots the patent misuse affirmative defense. See Rambus, Inc. v. Samsung Electronics Co., Ltd., No. C-05-02298, 2007 WL 39374, at * 7 (Jan. 4, 2007) (striking patent misuse affirmative defense based on the agreement by patent holder not to sue). Even assuming Defendant needs to present evidence pertaining to non-infringement and/or invalidity in support of its remaining counterclaims, that is not a basis to extend jurisdiction over the infringement and invalidity claims. At trial, Defendant may present any relevant and admissible evidence to prove its remaining counterclaims. See Ericsson, Inc. v. Harris Corp., No. Civ.A.3-98-CV-2903-M, 2001 WL 257838, at * 10 (N.D. Tex. 2001) (the loss of declaratory judgment jurisdiction does not prevent a court from receiving and considering evidence relevant to a remaining claim).

III. Plaintiffs' Motion to Strike Untimely Expert Reports

Based on the agreement reached between the parties at the March 4, 2009 hearing, Plaintiffs' Motion to Strike Untimely Expert Reports is denied.  The parties shall instead conduct discovery in the manner agreed to at the hearing.  As such, Defendant's Motion for Leave to File Surreply to Plaintiff's Reply on Motion to Strike Expert Reports is denied as moot.

IV.  Clarification of the Court's November 17, 2008 Order

Defendant previously moved this Court for clarification regarding whether it could go forward with its claims under the Lanham Act and FDUTPA under a theory of false advertising. Both claims were pled as counterclaims by Defendant.  The Court noted that Defendant pled a FDUTPA claim and stated that Defendant therefore could pursue a theory of false advertising under that claim.  The Court mistakenly overlooked Defendant's request for clarification as to whether it could pursue a Lanham Act claim for false advertising.  The Court's earlier failure to discuss Defendant's Lanham Act false advertising claim was not intended as a rejection of Defendant's ability to pursue that claim.  It was based on the Court's erroneous assumption that Defendant was only seeking clarification of its ability to pursue a false advertising claim under FDUTPA.  In its earlier ruling relating to Plaintiffs' and Defendant's FDUTPA claim, the Court adopted the reasoning that if a statutory claim has been asserted and a theory of liability under that statute can be pursued, the party asserting the statutory claim may proceed with any available theory of liability.  The Court can see no justifiable reason for not applying the same rationale to Defendant's ability to pursue a theory of false advertising under its Lanham Act claim.  See also Natural Answers, Inc. v. SmithKline Beecham Corp., 529 F.3d 1325, 1330 (11th Cir. 2008) (referencing 15 U.S.C. § 1125(a) which provides that a false advertising claim can be brought for

misrepresentation in advertising or promotion of another person's goods); Eckel Indus. v. Primary Bank, 26 F. Supp. 2d 313, 316 (D.N.H. 1998) (Lanham Act applies to both false representations made by the defendant about its own goods and false statements made by the defendant about the plaintiff's goods); College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 919 F. Supp. 756, 763-64 (D.N.J. 1996) (1988 amendments to Lanham Act allow for relief for trade disparagement when the defendant makes allegedly false statements about the plaintiff's goods).

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Plaintiffs' Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE 61) is **GRANTED.**  Defendant's counterclaims for declaratory relief as to patent infringement and invalidity are dismissed.

(2) Plaintiffs' Motion to Strike Untimely Expert Reports (DE 110) is **DENIED**.

(3) Defendant's Motion for Leave to File Surreply to Plaintiff's Reply on Motion to Strike Expert Reports (DE 137) is **DENIED AS MOOT**.

(4) The parties shall submit a proposed new dates to modify the existing scheduling order within 10 days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of March, 2009

_____
KENNETH A. MARRA
United States District Judge